**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DAVID BABB,                                )
                                            )
        Plaintiff,                         )
                                            )
    v.                                      )          Case No. 1:22-CV-46-SNLJ
                                            )
STEPHANIE UNKNOWN,                          )
                                            )
        Defendant.                       )

## MEMORANDUM AND ORDER

Self-represented Plaintiff David Babb brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will direct Plaintiff to file an amended complaint on the court-provided form in compliance with the instructions set out below. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account.  28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until

the filing fee is fully paid.  *Id.*

Plaintiff is a prisoner currently incarcerated at Eastern Reception, Diagnostic and

Correctional Center (ERDCC) in Bonne Terre, Missouri.  ECF No. 2 at 1.  Plaintiff submitted a

motion to proceed in district court without prepaying fees or costs.  *Id.*  Although the form states

that an inmate must submit a certified prison account statement, Plaintiff has not done so.  In his

affidavit, however, he states that he has no job, no income, no assets, and no money in his prison

account.  Based on the financial information Plaintiff has submitted, the Court will assess an initial

partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a

prisoner is unable to provide the Court with a certified copy of his prison account statement, the

Court should assess an amount "that is reasonable, based on whatever information the court has

about the prisoner's finances.").  If Plaintiff is unable to pay the initial partial filing fee, he must

submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis*

if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  When reviewing a

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to

construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and

"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible

claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### The Complaint

Although Plaintiff is currently confined at ERDCC, the allegations of his complaint involve

a previous period of detention at the Butler County Justice Center.  ECF No. 1 at 5.  Plaintiff's §

1983 complaint is brought against one employee of that Justice Center, a nurse named Stephanie

(last name unknown), in both her individual and official capacities.  *Id.* at 1-2.

Plaintiff alleges that he fell on June 26th[1] while coming out of the shower.  *Id.* at 3.  He

was taken to a hospital for X-rays and was informed that his fourth metacarpal was broken.  Four

days later, Plaintiff had more X-rays on his hand and on the following day, Plaintiff saw an "ortho"

doctor.  *Id.*  According to Plaintiff, the doctor told him that he needed surgery on his hand, which

---

[1] Plaintiff does not specify the year in the date for his fall but based on the exhibits attached to his complaint, Plaintiff fell in 2021.  *See* ECF No. 1-1 at 1.

was broken "at a 70 [degree] angle." *Id.*  However, Plaintiff states that he "had a plate that needed

to be removed" before the surgery could be performed.  *Id.*  Despite this doctor's assessment, no

follow-up appointment was ever made and as of August 20th, no surgery had been performed on

Plaintiff's hand.  Finally, Plaintiff states: "She never gave me the prescribed meds & took away

my IBU800." *Id.*

Plaintiff alleges that he filed multiple medical service requests and grievances concerning

his hand and need for surgery, and that he informed the nurse and guards about his issues, but that

he "did not get any responses what so ever." *Id.* at 7.  Plaintiff attached to his complaint what

appears to be an X-ray on his right hand taken on June 29, 2021, at the Poplar Bluff Regional

Medical Office.[2]  Plaintiff describes his injury as "surgery never received" and he seeks money

damages. *Id.* at 4-5.

## Discussion

Because Plaintiff is self-represented and he has presented serious allegations to the Court,

he will be allowed to amend his complaint in accordance with the instructions set forth below.  *See*

*Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff

a statement of the complaint's deficiencies and a chance to amend the complaint before dismissing

for failure to state a claim).  Plaintiff should consider the following legal issues in filing in his

amended complaint.

### A. Legal Standards

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a

"broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*,

436 U.S. 658, 685 (1978).  One such federally protected right is the Eighth Amendment's

---

[2] The Court will treat this attachment as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference to serious medical needs.  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent."  *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted).  An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."  *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted).  Allegations of mere negligence in giving or failing to supply medical treatment will not suffice.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference.  *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Deliberate indifference may also be demonstrated by prison officials who intentionally deny or delay access to medical care.  *Estelle*, 429 U.S. at 104-05.  When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment."  *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).  To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental

- 5 -

effects.  *Id.* at 1119-20*; see also Holden*, 663 F.3d at 342 ("[a] prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis.").

Finally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).  "Government officials are personally liable only for their own misconduct."  *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted).

## B.  Plaintiff's Allegations

The only defendant in this matter is a nurse named Stephanie.  Plaintiff states his injury as "surgery never received," but Plaintiff never directly alleges that Stephanie is the person who denied his hand surgery.  Stephanie can only be held liable for her own conduct.  Plaintiff also mentions that a "she" failed to give him prescription medications and ibuprofen, which was presumably prescribed for pain following his hand break.  However, Plaintiff does not list pain as one of his injuries for which he seeks relief in this matter.  Also, it is not clear if Plaintiff was denied pain medication altogether or just specific medications which he wanted to take.  As such, it is not clear exactly what claims Plaintiff is making and exactly who he is making them against.

Plaintiff's allegations regarding not receiving a needed hand surgery and denial of pain medication following a hand break, are serious medical needs.  However, it is not clear from the allegations of the complaint that nurse Stephanie is the person who deprived Plaintiff of these needs.  Plaintiff must allege that defendant Stephanie was personally involved in or directly responsible for a deprivation of his rights.  Plaintiff needs to clarify these allegations in his amended complaint in order for his case to survive initial review.

**Amendment Instructions**

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").  Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*  Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).  Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough room in the caption, Plaintiff may add additional sheets of paper.  However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual

capacity, official capacity, or both.  Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant.  If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them.  Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

**Conclusion**

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 25th day of July, 2022.

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE