UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID BABB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-CV-46-SNLJ |
| | ) | |
| STEPHANIE UNKNOWN, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff David Babb brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  On July 25, 2022, the Court granted Plaintiff *in forma pauperis* status, discussed the deficiencies of his complaint under 28 U.S.C. § 1915(e)(2), and directed him to file an amended complaint on the court-provided form.  ECF No. 3.  Now before the Court is Plaintiff's Amended Complaint (ECF No. 6), which again asserts claims of deliberately indifferent medical care.  The Court warned Plaintiff in its July 2022 Order that his Amended Complaint would be reviewed under 28 U.S.C. § 1915(e)(2).  For the reasons discussed below, the Court will partially dismiss this case but will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the Amended Complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### The Amended Complaint

Plaintiff's Amended Complaint brings claims under 42 U.S.C. § 1983.  ECF No. 6.  Currently, Plaintiff is a convicted and sentenced state prisoner, confined at Boonville Correctional Center.  *Id.* at 2.  However, the allegations of his Amended Complaint involve a previous period of detention at the Butler County Justice Center in Poplar Bluff, Missouri.  *Id.* at 5.

Although Plaintiff's original complaint named one nurse defendant, his Amended Complaint names three entirely new defendants: (1) the Butler County Justice Center; (2) Mark

Dobbs (Butler County Sheriff); and (3) Rodger (last name unknown) (Butler County Jail Administrator). *Id.* at 1-3. The defendants are named in both their individual and official capacities. *Id.* at 2-3.

Plaintiff's 'Statement of Claim,' in his own words, is as follows:

> On June 26th 2021, I[,] David Eric Babb[,] fell while coming out of the shower. I reached out to stop my fall & I broke my hand. I sent to the hospital & received X-rays. I found out my 4th metacarpal was broken. I had follow up X-rays on June 29th 2021. On or about July 1st 2021, I had an appointment at Doctors Park with a Dr. August Ritter "orthopedic surgeon." He informed me that I needed to have surgery. My hand was broken at a 70 degree angle. I also had a plate that needed to be removed before he could perform the surgery. He sent the information with the officer back to the Sheriff's Office. The Sheriff "Mark Dobbs" & Administrator "Rodger" never made follow up appointment for the surgery to happen. Rodger stated "that the County wasn't paying for my surgery." It is now August 24th 2022[,] a year later[,] and I still haven't received any surgery.

*Id.* at 3-4.

In terms of relief and injuries, Plaintiff seeks one million dollars due to a "loss of mobility" in his dominant hand," "pain & suffering every day," "nerve damage" and because his "hand will need surgery to be fixed." *Id.* at 5.

Plaintiff alleges that he filed a medical service request and grievances, and that he informed the "nurse, guards, & administrator" about his hand issues, but that he never got a response. *Id.* at 7. Plaintiff attached to his complaint, what appears to be an X-ray of his right hand, taken on June 29, 2021, at the Poplar Bluff Regional Medical Office.[1]

---

[1] The Court will treat this attachment as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

3

## Discussion

Although not stated in his Amended Complaint, based on an independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system,[2] it appears that Plaintiff was being held as a pretrial detainee at the Butler County Justice Center when he fell and broke his hand on June 26, 2021.  *See State v. Babb*, No. 21BT-CR00467-01 (36th Jud. Cir.) (Plaintiff in custody of Butler County Sheriff when he enters a plea of not guilty on June 22, 2021 and then a plea of guilty on Aug. 17, 2021.  Plaintiff sentenced to five years on Aug. 17, 2021.).

As such, self-represented Plaintiff alleges that, while he was held as a pretrial detainee, his medical needs for a broken hand were deliberately disregarded.  Based on the Court's review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915, Plaintiff's official capacity claims and his claims against Butler County Justice Center will be dismissed.  However, the Court finds that Plaintiff's individual capacity claims against defendants Sheriff Mark Dobbs and Butler County Jail Administrator Rodger Unknown are sufficient for purposes of initial review.  The Court will direct that process issue on these claims.

## A.  Defendant Butler County Justice Center

Plaintiff's claims against defendant Butler County Justice Center are subject to dismissal because jails, local government detention centers, and sheriff's departments are not suable entities under 42 U.S.C. § 1983.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that

---

[2] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).

According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009).  As such, Plaintiff fails to state a valid § 1983 claim as to defendant Butler County Justice Center and therefore, this defendant must be dismissed.

## B.  Defendants Mark Dobbs and Rodger Unknown

### i.    Official Capacity Claims

Plaintiff names defendants Mark Dobbs and Rodger Unknown in both their official and individual capacities.  However, a suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff asserts that defendants Mark Dobbs and Rodger Unknown are employees of Butler County.  As such, Plaintiff's official capacity claims against these defendants must be treated as claims against the governmental entity which employs them – Butler County.  In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983.  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial

custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

In this case, Plaintiff has not alleged that the individual defendants' actions resulted from any municipal policy, custom, or deliberately indifferent failure to train or supervise. Plaintiff does not present any evidence of a particular Butler County policy which has caused him harm. There is also no assertion of a pattern of unconstitutional misconduct constituting a municipal custom. Finally, Plaintiff alleges no facts establishing that Butler County had notice of any inadequate training or supervision. Therefore, Plaintiff fails to state a municipal liability claim against Butler County. For this reason, Plaintiff's official capacity claims against Mark Dobbs and Rodger Unknown, employees of Butler County, fail to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**ii.    Individual Capacity Claims**

Plaintiff alleges that defendants Mark Dobbs and Rodger Unknown are also liable in their individual capacities for being deliberately indifferent to his serious medical need. The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d

845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

To prevail on a deliberate indifference claim, a plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

In this case, Plaintiff alleges that after injuring his hand falling in the shower, he was taken twice for x-rays, on both June 26 and June 29, 2021. Then on July 1st, Plaintiff saw an orthopedic surgeon about his hand injury and that surgeon recommended surgery. Plaintiff has sufficiently

pled a serious medical need, as his fracture was "diagnosed by a physician as requiring treatment." *Holden*, 663 F.3d at 342.

Furthermore, Plaintiff alleges that defendants Sheriff Mark Dobbs and Jail Administrator Rodger Unknown received the medical information from the orthopedic surgeon and they failed to make Plaintiff a follow-up appointment so that he could have the recommended surgery.[3]  As of the filing of this action, Plaintiff still has not had his hand surgically repaired.  Plaintiff states that he has suffered from a loss of mobility in his dominant right hand, nerve damage to his hand, and hand pain.

Based on Plaintiff's allegations, Mark Dobbs and Rodger Unknown were the decisionmakers in the denial of his hand surgery.  By failing to make Plaintiff an appointment for hand surgery, they denied him the recommended care for his broken hand.  Although "a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment," defendants Mark Dobbs and Rodger Unknown are not alleged to have any medical training on which to base a professional judgment that Plaintiff's hand surgery was not needed.  *Dulany*, 132 F.3d at 1240 (citing *Long v. Nix*, 86 F.3d 761, 765 (8th Cir.1996)).

As the Supreme Court explained in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989): "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some

---

[3] Plaintiff also alleges that defendant Rodger Unknown informed him that the County would not pay for this surgery. It is true under Missouri law that pretrial detainees in county jails are responsible for the costs of their own medical care. *See* Mo. Re. Stat. § 220.120.1.  Also, the U.S. Supreme Court has made clear that "the injured detainee's constitutional right is to receive the needed medical treatment," not to have it paid for. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983).  It is constitutionally permissible for a detention center to charge a detainee the cost of medical care. *Id.* ("[A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care.  That is a matter of state law.").

responsibility for his safety and general well-being" including providing "for his basic human needs – *e.g.,* food, clothing, shelter, medical care, and reasonable safety." *Id.* at 199-200.  At this stage in this proceeding, Plaintiff's allegations against Mark Dobbs and Rodger Unknown are sufficient to survive initial review.  As a pretrial detainee, Plaintiff could not get the medical care he needed for his broken hand without the assistance of the defendants.  Plaintiff asserts that these defendants were aware of his medical diagnosis and recommendation for surgery, and that they did nothing to provide him the medical care and treatment recommended.  The Court must accept these facts as true and make all reasonable inferences in favor of the Plaintiff.  *Jones v. Douglas Cnty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019).  Therefore, the Court will direct the Clerk of Court to issue process on Mark Dobbs and Rodger Unknown, employees of Butler County, in their individual capacities as to Plaintiff's claim of deliberate indifference to his medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that the claims against defendant Butler County Justice Center are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the official capacity claims against all defendants are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendants Sheriff Mark Dobbs and Rodger Unknown in their individual capacities as to Plaintiff's claim of deliberate indifference to his medical needs.  Defendants Mark Dobbs and Rodger Unknown shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Butler County Sheriff's Office & Detention Center, 200 Phillip Kearbey Blvd., Poplar Bluff, Missouri 63901.

**IT IS FURTHER ORDERED** that defendants shall respond to the amended complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that on the Court's own motion, the Clerk of the Court shall amend the caption of this case to read as follows:

> David Babb, Plaintiff, v. Rodger Unknown, et al., Defendants, Case No. 1:22-CV-46 SNLJ.

The parties shall use the amended caption on all future filings.

**IT IS FINALLY ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

A separate Order of partial dismissal will be entered herewith.

Dated this 22nd day of November, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE