UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID BABB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00046-SNLJ |
| ) | |
| MARK DOBBS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM and ORDER

This matter comes before the Court on defendant's motion for sanctions. [Doc. 40.] Plaintiff, who is *pro se*, brought this suit in April 2022, alleging that defendant violated plaintiff's constitutional rights while plaintiff was detained at the Butler County Detention Center. On June 9, 2023, defendant served interrogatories and a request for production of documents on plaintiff. [Doc. 41-1.] Plaintiff did not respond within the 30 days required by the Federal Rules of Civil Procedure. On August 16, 2023, defendant filed a motion (1) to compel plaintiff's responses to his interrogatories and request for production of documents, and (2) for attorney's fees and costs. [Doc. 28.] On March 8, 2024, this Court granted that motion in part, ordering plaintiff to respond to plaintiff's interrogatories and request for production by March 18, 2024, but denying defendant's requests for attorney's fees and costs. [Doc. 36.] In that order, this Court warned plaintiff that "[i]f plaintiff does not comply with this Order, he will face dismissal of his case against defendant." *Id.* at 2. To this day, plaintiff has failed to comply with

1

the Court's Order and has not responded to defendant's interrogatories or request for production.

"The Federal Rules of Civil Procedure expressly authorize sanctions for failure to comply with a court's discovery order, including striking pleadings or dismissing an action in whole or in part." *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents $11,071,188.64 in United States Currency*, 825 F.3d 365, 369 (8th Cir. 2016) (citing Fed. R. Civ. P. 37(b)(2)(A)(iii), (v)). Dismissal, however, "is an extreme sanction that should be applied 'only where there is an order compelling discovery, a willful violation of the order, and prejudice to the other party.'" *Id.* (quoting *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832 (8th Cir. 2013)). "'Before dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith.'" *Id.* (quoting *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014)). Additionally, the Federal Rules of Civil Procedure permit courts to order the party who failed to respond to a discovery order or interrogatories to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(3), (d)(3).

The circumstances of the present case warrant a dismissal of the case and an award of expenses to defendant. Plaintiff has had *over 400 days* to respond to defendant's requests. He was reminded of his obligation in defendant's August 2023 motion, but did not respond. He was ordered in March 2024 by this Court to respond, and his deadline to

2

do so passed over five months ago.  In fact, plaintiff has not filed any document with the Court since July 2023, and repeated correspondence from this Court has been "returned as undeliverable."

Plaintiff has functionally abandoned this case.  His failure to comply with his obligations under discovery and the clear Order of this Court evidences a willful and total disregard for the litigation process.  The Court will not permit this action to continue while plaintiff's conduct suggests he has no interest in participating in it, despite being warned that failure to participate could result in dismissal.  Moreover, plaintiff's desertion from this case obviously prejudices the defendant, and the Court finds no substantial justification for plaintiff's failure to respond.  Consequently, in addition to dismissing this action, the Court orders that plaintiff pay defendant's attorney's fees and expenses reasonably incurred as a result of plaintiff's failure to comply with the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for sanctions [Doc. 40] is **GRANTED**.

**IT IS FURTHER ORDERED** that, in accordance with the reasoning set forth in this memorandum, this action is **DISMISSED** with prejudice, and plaintiff shall pay defendant's attorney's fees and expenses reasonably incurred as a result of plaintiff's failure to comply with this Court's March 8, 2024 Order.

Dated this <u>22nd</u> day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE